```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                     1:09CV211-MU-02
```

```
CECIL LEE HENSON, JR.      )
     Plaintiff,            )
                           )
     v.                    )
                           )
RUTHERFORD COUNTY;         )
PHILLIP BYERS, Rutherford  )
  County Sheriff;          )
SHERRY LEWIS, Jailer at    )
  the Rutherford County    )
  Jail;                    )           O R D E R
SCOTT TREMMEL, Jailer at   )
  the Rutherford County    )
  Jail; and                )
JOAN BLAKE, Nurse at the   )
  Rutherford County Jail,  )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court upon an initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed June 4, 2009.

According to the Complaint, on October 18, 2006, Plaintiff was a pre-trial detainee at the Rutherford County Jail. At approximately 10:00 p.m. on that date, Plaintiff was attacked and brutally assaulted by three other inmates whom Plaintiff describes as "well-known gang members." Plaintiff alleges that the assault greatly injured him, and he required more than $70,000 in surgical procedures, medications and equipment to treat those

injuries.

In specific reference to Defendants, Plaintiff complains that Defendant Tremmel, who was operating the control booth during the relevant period, observed the assault, but "panicked [and] froze" [and] did not act responsibly" in assisting Plaintiff. Plaintiff complains that Defendant Lewis "did not afford [Plaintiff] any requested grievance procedures or the capacity/ ability to bring charge . . ." against his attackers. Plaintiff further complains Defendant Blake refused to give him his prescribed pain medications after he returned from the hospital to the Rutherford County Jail, thereby causing him unnecessarily to endure more pain following his surgery. Last, Plaintiff complains "had there been more jailers [and] they better trained, [his] assault probably would not have taken place, or at least been so traumatic"; and that Defendants "acted with deliberate indifference [and]/or negligence by failing to provide him with adequate health safety [and] protection which resulted in a significant lasting injury . . . [and] cruel and unusual punishment . . . ."

Notwithstanding his apparent beliefs to the contrary, however, Plaintiff has failed to allege against each Defendant claims which can withstand this Court's initial review. First, although Plaintiff sets for the conclusory statement that "[h]ad there been more jailers [and] they better trained . . . ," his

assault would not have taken place or would not have been as severe, there simply are no allegations to support that fact. Indeed, none of Plaintiff's allegations against the other defendants suggest an absence of adequate training or staffing so as to trigger municipal or supervisory liability. See McMillian v. Monroe County, 520 U.S. 781, 784 (1997) (municipal liability appropriate only when execution of government's policy or custom inflicts injury); see also Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984) (noting requirement, inter alia, that supervisor had actual or constructive knowledge that subordinate's conduct posed pervasive and unacceptable risk of constitutional injury). Therefore, Plaintiff's Complaint may not proceed against either Rutherford County or Sheriff Byers.

As for the allegation that Defendant Lewis refused to allow Plaintiff to file grievances against his attackers, such complaint also does not state a claim for relief. That is, there simply is no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thus, Plaintiff's claim against Defendant Lewis also must be dismissed.

Furthermore, the Court has carefully reviewed Plaintiff's allegation against Defendant Trammel and determined that this claim sounds in negligence and, therefore, is insufficient to state a constitutional claim for relief. Indeed, Plaintiff's

allegation is devoid of any indication that Trammel's failure to act, though quite regrettable, was based upon any improper motive, malice toward plaintiff, or any other actionable basis. Nor does Plaintiff's claim that Trammel panicked and froze suggest deliberate indifference. Thus, because it is well settled that mere negligence simply does not state a constitutional claim for relief in a federal civil rights action, this claim also must be dismissed. See Daniel v. Williams, 474 U.S. 327, 333-34 (1986).

On the other hand, Plaintiff alleges that Defendant Blake, a Jail nurse who dispensed his medication, refused to give him the pain medication which was prescribed for him; and that he suffered unnecessarily as a result of that refusal. Although it is far from clear whether Plaintiff ultimately will prevail on this claim, such allegation is sufficient to withstand this Court's initial review for frivolity. Consequently, Defendant Blake will be directed to file a response to this allegation.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's Complaint is dismissed with prejudice as to Defendants Rutherford County, Sheriff Byers, Sherry Lewis and Scott Tremmel for his failure to state a constitutional claim for relief as to them.

2. The Clerk is directed to delete their names from the caption of this case.

3. The Clerk shall prepare process for Defendant Blake and deliver same to the United States Marshal.

4. The Marshal shall serve process upon Defendant Blake.

5. Defendant Blake shall file an appropriate response to this action in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: June 16, 2009

Graham C. Mullen
United States District Judge